UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:19-cv-00905-PGB-LRH

ABSEN, INC., a Delaware corporation,

        Plaintiff,

vs.

LED CAPITAL, LLC, a New Jersey limited liability company; MARCEL DEKEYZER, an individual.

        Defendants.

**SECOND AMENDED COMPLAINT[1]**

        Plaintiff Absen, Inc. ("Absen"), by and through its undersigned counsel, sues Defendants LED Capital, LLC ("LED Capital") and Marcel Dekeyzer, and alleges:

1. This is an action for enforcement of note receivable agreements, enforcement of a guaranty, enforcement of a security agreement, and foreclosure of liens.

### PARTIES, JURISDICTION, AND VENUE

2. Absen is a Delaware corporation, with its principal place of business in Orange County, Florida.

3. As explained in more detail below, Absen, is the owner and holder of two note receivable agreements, a security agreement, and a guaranty.

4. Defendant LED Capital is a New Jersey limited liability company, with a single member, Marcel Dekeyzer, who is domiciled in and a citizen of New Jersey.

5. Defendant Marcel Dekeyzer is domiciled in and a citizen of New Jersey, and a guarantor of LED Capital's obligations under the documents that are the subject of this action.

---

[1] The only difference between the Second Amended Complaint and the Amended Complaint is that the Second Amended Complaint no longer asserts Counts V and VI.

6. This Court has jurisdiction over all Defendants because each of them: (1) consented to the jurisdiction of this Court; (2) operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state, breached a contract in this state by failing to perform acts required by the contract to be performed in Florida, and entered into a contract that complies with Fla. Stat. § 685.102, as set forth in Fla. Stat. § 48.193(1)(a); or (3) engages in substantial and not isolated activity within this state as set forth in Fla. Stat. § 48.193(2).

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the parties are diverse and the amount in controversy exceeds $75,000.00.

8. Venue of this action is proper in this Court because the agreements that are the subject of this action select this jurisdiction as the appropriate venue for this lawsuit.

9. Absen has retained the undersigned law firm and agreed to pay it a reasonable fee for its services.

## GENERAL ALLEGATIONS

10. On or about August 3, 2017, LED Capital, LLC executed a note receivable agreement in favor of Absen in the amount of $3,746,810.00 (the "August 3, 2017 Note Receivable"). A true and correct copy of the August 3, 2017 Note Receivable is attached hereto as **Exhibit 1**.

11. In connection with the note receivable agreement, LED Capital executed a Security Agreement. A true and correct copy of the Security Agreement is attached hereto as **Exhibit 2**.

12. The Security Agreement grants to Absen a continuing first priority security interest in the Collateral, as defined in the Security Agreement (the "Security Agreement

Collateral"), as security for payment when due of any and all debts, liabilities and obligations of every type and description which LED Capital may owe to Absen.

13. In order to perfect the Security Agreement lien on the Security Agreement Collateral, UCC Financing Statements were recorded on August 4, 2017 as File Number 52348756 and on August 7, 2017 as File Number 52348756. True and correct copies of the UCC Statements are attached hereto as **Composite Exhibit 3**.

14. As further security, Marcel Dekeyzer ("Guarantor") executed an absolute and unconditional Guaranty. A true and correct copy of the Guaranty is attached hereto as **Exhibit 4**.

15. On or about November 9, 2017, LED Capital executed a note receivable agreement in favor of Absen in the amount of $2,905,000.00 (the "November 9, 2017 Note Receivable"). A true and correct copy of the November 9, 2017 Note Receivable is attached hereto as **Exhibit 5**.

16. The November 9, 2017 Note Receivable grants to Absen a continuing lien in the Collateral, as defined in the November 9, 2017 Note Receivable (the "Note Receivable Collateral"), as security for payment and performance of the Obligations, as defined in the November 9, 2017 Note Receivable.

17. In order to perfect the November 9, 2017 Note Receivable lien on the Note Receivable Collateral, a UCC Financing Statement was recorded on November 13, 2017 as File Number 52502271. A true and correct copy of the November 13, 2017 UCC statement is attached hereto as **Exhibit 6.**

18. The August 3, 2017 Note Receivable together with the November 9, 2017 Note Receivable are collectively referred to herein as the "Notes."

19. The Notes each attached a schedule of payments that LED Capital would make to Absen on dates specified in the schedules.

20. Beginning in or around September 2018, LED Capital failed to make scheduled payments in full when due to Absen pursuant to the respective terms of each of the Notes.

21. On January 17, 2019, Absen made a written demand upon LED Capital to pay to Absen the outstanding amounts due on the Notes (the "First Demand Letter"). A true and correct copy of the First Demand Letter is attached hereto as **Exhibit 7**.

22. Defendant LED Capital failed to comply with the demands contained in the First Demand Letter.

23. On February 14, 2019, Absen made a second written demand upon Defendant LED Capital to pay Absen the outstanding amounts due on the Notes (the "Second Demand Letter"). A true and correct copy of the Second Demand Letter is attached hereto as **Exhibit 8**.

24. Defendant LED Capital again failed to comply with the demands contained in the Second Demand Letter and is, and remains, in default.

25. The First Demand Letter together with the Second Demand Letter are collectively referred to herein as the "Demand Letters."

26. Pursuant to the terms of each of the Notes, on February 20, 2019, at the option of Absen, the full amount of the principal due on each of the Notes became immediately due and payable.

27. Pursuant to the August 3, 2017 Note Receivable, Defendant LED Capital owed as of May 13, 2019:

   a. $ 2,470,168.27 in principal;

   b. $ 22,221.21 in default interest;

   c. For a total due of $ 2,492,389.48 plus default interest after May 13, 2019 and all penalties, costs and fees to date and hereafter.

28. Pursuant to the November 9, 2017 Note Receivable, Defendant LED Capital owed as of May 13, 2019:

    a.     $ 2,700,850.73 in principal;

    b.     $ 73,498.82 in default interest;

    c.     For a total due of $ 2,774,349.55 plus default interest after May 13, 2019 and all penalties, costs and fees to date and hereafter.

29. All conditions precedent to Absen's recovery have occurred, have been performed, or have been waived.

30. Absen provided written notice of LED Capital's default to Defendants LED Capital and Marcel Dekeyzer (the "Default Letter").  A true and correct copy of the Default Letter is attached hereto as **Exhibit 9.**

## COUNT I
**(Enforcement of August 3, 2017 Note Receivable – Defendant LED Capital)**

31. Absen incorporates and realleges paragraphs 1 through 30 above as though fully set forth herein.

32. This is an action for damages against Defendant LED Capital for breach of the August 3, 2017 Note Receivable.

33. Defendant LED Capital executed and delivered the August 3, 2017 Note Receivable to Absen.

34. Absen presently owns, holds and possesses the August 3, 2017 Note Receivable.

35. Defendant LED Capital defaulted under the August 3, 2017 Note Receivable by, *inter alia*, failing to pay to Absen the amount due and owing when due pursuant to the terms of the August 3, 2017 Note Receivable.

36. Defendant LED Capital waived any presentment, protest, notice of dishonor, and notice of protest.

37. All conditions precedent to Absen's recovery have occurred, have been performed, or have been waived.

38. Defendant LED Capital has failed to comply with the demands set forth in the Demand Letters.

39. Absen has suffered damages as result of Defendant LED Capital's default.

WHEREFORE, Absen demands judgment against Defendant LED Capital for damages due and owing under the August 3, 2017 Note, together with accrued interest thereon, fees, costs, expenses including reasonable attorneys' fees as set forth on page 5 of the August 3, 2017 Note Receivable, and all other amounts due and payable under the August 3, 2017 Note Receivable, and for such other and further relief the Court deems just and proper.

## COUNT II
**(Enforcement of November 9, 2017 Note Receivable – Defendant LED Capital)**

40. Absen incorporates and realleges paragraphs 1 through 30 above as though fully set forth herein.

41. This is an action for damages against Defendant LED Capital for breach of the November 9, 2017 Note Receivable.

42. Defendant LED Capital executed and delivered the November 9, 2017 Note Receivable to Absen.

43. Absen presently owns, holds and possesses the November 9, 2017 Note Receivable.

44. Defendant LED Capital defaulted under the November 9, 2017 Note Receivable, *inter alia*, failing to pay to Absen the amount due and owing when due pursuant to the terms of the November 9, 2017 Note Receivable.

45. Defendant LED Capital waived any presentment, protest, notice of dishonor, and notice of protest.

46. All conditions precedent to Absen's recovery have occurred, have been performed, or have been waived.

47. Defendant LED Capital has failed to comply with the demands set forth in the Demand Letters.

48. Absen has suffered damages as result of Defendant LED Capital's default.

WHEREFORE, Absen demands judgment against Defendant LED Capital for damages due and owing under the November 9, 2017 Note Receivable, together with accrued interest thereon, fees, costs, expenses including reasonable attorneys' fees as set forth on page 3 of the November 9, 2017 Note Receivable, and all other amounts due and payable under the November 9, 2017 Note Receivable, and for such other and further relief the Court deems just and proper.

## COUNT III
### (Enforcement of Guaranty – Defendant Marcel Dekeyzer)

49. Absen incorporates and realleges paragraphs 1 through 30 above as though fully set forth herein.

50. This is an action for damages against Defendant Marcel Dekeyzer for breach of the Guaranty.

51. Defendant Marcel Dekeyzer executed and delivered to Absen the Guaranty.

52. Pursuant to the Guaranty, Defendant Marcel Dekeyzer promised to answer for Defendant LED Capital's debt upon default.

53. Defendant LED Capital has defaulted on the August 3, 2017 Note Receivable by, *inter alia*, failing to pay to Absen the amounts due and owing.

54. Defendant Marcel Dekeyzer waived notice of any default by LED Capital, and any presentment, protest, demand, and notice of protest and demand of any and all collateral, and of exercise of possessory remedies or foreclosure on any and all collateral.

55. As a result of the default of Defendant LED Capital in failing to pay the amounts due under the August 3, 2017 Note Receivable, Absen is entitled to recover against Defendant Marcel Dekeyzer on the Guaranty.

56. Defendant Marcel Dekeyzer defaulted under the Guaranty by failing to answer for Defendant LED Capital's indedebtedness to Absen under the August 3, 2017 Note Receivable.

57. Despite written demand, Defendant Marcel Dekeyzer has failed to make any payment on the Guaranty.

58. By virtue of the default under the Guaranty, Absen has sustained damages.

59. All conditions precedent to Absen's recovery have occurred, have been performed, or have been waived.

60. Absen seeks complete enforcement of all terms and obligations of the Guaranty and all relief to which it is entitled as a matter of law and equity.

WHEREFORE, Absen demands judgment against Defendant Marcel Dekeyzer for damages due and owing under the August 3, 2017 Note Receivable, together with accrued interest thereon fees, costs, expenses, including reasonable attorneys' fees and all other amounts due and payable under the August 3, 2017 Note Receivable, and for such other and further relief the Court deems just and proper.

## COUNT IV
**(Enforcement of Security Agreement – Defendant LED Capital)**

61. Absen incorporates and realleges paragraphs 1 through 30 above as though fully set forth herein.

62. This is an action against Defendant LED Capital for enforcement of the Security Agreement.

63. Defendant LED Capital executed the Security Agreement and delivered it to Absen.

64. Absen presently owns and holds the Security Agreement.

65. Defendant LED Capital defaulted on the Security Agreement and Notes by failing to make payments when due pursuant to the respective terms of each of the Notes.

66. Absen delivered the Demand Letters to Defendant LED Capital, which demanded payment of the amounts due and owing on the Notes.

67. Defendant LED Capital failed to comply with the Demand Letters.

68. Absen seeks complete enforcement of all terms and obligations of the Security Agreement and all relief to which it is entitled as a matter of law and equity.

WHEREFORE, Absen demands entry of an order directing Defendant LED Capital to surrender to Absen all property subject to the Security Agreement; awarding Absen all fees, costs, expenses, including reasonable attorneys' fees; and for such other and further relief the Court deems just and proper.

Dated: February 14, 2020

Respectfully submitted,

WHITE & CASE LLP
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

By: /s/ *Chris Swift-Perez*
    James N. Robinson
    Florida Bar No. 608858
    Cecilia Walker
    Florida Bar No. 113434
    Christopher Swift-Perez, *Trial Counsel*
    Florida Bar No. 0100407
    E-mail: jrobinson@whitecase.com
    E-mail: cwalker@whitecase.com
    Secondary: sgoodrich@whitecase.com
    E-mail:cswift-perez@whitecase.com
    Secondary:mnecuze@whitecase.com

*Counsel for Plaintiff*